Hector ENRIQUEZ, Jr., El Paso County Clerk, Relator,

v.

Charles HOOTEN, Orlando Fonseca and Rogelio Sanchez in their capacities as El Paso County Commissioners, and El Paso County, Respondents.

No. 08-93-00205-CV.

Court of Appeals of Texas, El Paso.

July 7, 1993.

**154**

Michael R. Wyatt, El Paso, for relator.

Maureen Hilton, Jose E. Troche, El Paso, for respondents.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

PER CURIAM.

The Respondents in this case have filed, in a separate case, an appeal from an Order of the 210th District Court, El Paso County, Texas granting declaratory and injunctive relief. In the Order, these Respondents "are ordered to reverse the action transferring funds out of the general revenue operating budget of the County Clerk, and to replace the $165,720.00 removed from the budget by Budget Amendment No. 11 forthwith, and to reverse any action taken to transfer funds from the Records Management and Preservation Fee Account into Plaintiff's general revenue operating account, and to reverse any action taken to transfer expenditures from Plaintiff's general revenue operating account into the Records Management and Preservation Fee Account."

The Respondents filed a Notice of Appeal two weeks after the above Order was signed. They also filed a Motion for Stay. The Relator filed a Response in Opposition. No action was taken on the Motion for Stay. The Relator has filed in this cause docketed as an Original Proceeding, a Motion for Leave to File Motion for Contempt. He urges that under the holding in *Klein Indep. Sch. Dist. v. Fourteenth Court of Appeals,* 720 S.W.2d 87 (Tex.1986), the in-junction remains valid until superseded by the Appellants.

■ A political subdivision of the state or governmental entity is exempt from filing an appeal bond. TEX.CIV.PRAC. & REM. CODE ANN. § 6.001 (Vernon 1986); *Dallas County Appraisal Dist. v. Inst. for Aerobics Research,* 751 S.W.2d 860 (Tex.1988). The Code provision in Section 6.001(b)(4) specifically exempts a county of this state from bond requirements. The exemption applies to governmental officials for action taken in their official capacity, including county commissioners. *Parker v. White,* 815 S.W.2d 893 (Tex.App.—Tyler 1991, orig. proceeding). The rule has also been read to include county boards and agencies. *Dallas County Bail Bond Board v. Mason,* 773 S.W.2d 586 (Tex.App.—Dallas 1989, no writ).

■ The more recent case law is that a county and those who act in an official capacity for that subdivision of the state are exempt from filing a supersedeas bond and that the appeal when perfected automatically supersedes the judgment of the trial court. *Weber v. Walker,* 591 S.W.2d 559, 560 (Tex.Civ.App.—Dallas 1979, orig. proceeding). *Contra Ploch v. Dickison,* 223 S.W.2d 568 (Tex.Civ.App.—El Paso 1949, no writ). In *State v. Schless,* 815 S.W.2d 373 (Tex.App.—Austin 1991, orig. proceeding), the Court made an exception where the appeal was not from a money judgment and concluded that under TEX. R.APP.P. 47(f), the trial court had discretion to deny supersedeas. That opinion notes the holding in *Ammex Warehouse Company v. Archer,* 381 S.W.2d 478, 485 (Tex. 1964), and in that case, the Court said: "Unless a contrary intention is made known to the Court, the State's notice of appeal operates as a supersedeas." Although this is not a case where the judgment is for recovery of money by one party from another party, as with most money judgments, it does involve the transfer of money and an exact amount is at issue. Following the holdings in the *Ammex* and *Weber* cases, we conclude that the trial court's judgment in this case was supersed-

ed when the notice of appeal was filed, and the Respondents may not be held in contempt of such judgment until it becomes final following the exhaustion of all appellate rights.

The Motion for Leave to File Motion for Contempt is denied.