NO. 07-02-0471-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 16, 2002



______________________________




DAVID CRAWFORD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 89,331-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before QUINN and JOHNSON, JJ., and BOYD, SJ. (1)

ORDER ON APPELLANT'S MOTION FOR WAIVER OF FILING FEE 


AND TIME EXTENSION



 Although the record of the underlying suit is not before us, from statements of
counsel, it is undisputed that this appeal arises from an order in an underlying quo
warranto suit. In that suit, so we are informed, the State seeks to remove appellant David
Crawford (Crawford) from the office of Constable, Precinct 3, Potter County because of his
failure to comply with certain legal requirements not material to this motion. We are
informed Crawford attempted to resign his office but for the purpose of its suit, the State
recognized Crawford continued to hold the office until a successor is qualified. 

 The Potter County Attorney's office, counsel for the State (the County) in this
proceeding, has attached a copy of the trial court's judgment to its response to Crawford's
motion, and Crawford has not disputed the veracity of that copy. In its order, the trial court
renders summary judgment in favor of the State removing Crawford from his office and
assessing a monetary penalty "for usurping and for unlawfully holding and executing" the
Constable's office. 

 Crawford has filed this motion asking us to order the Potter County District Clerk to
file the clerk's record in the underlying suit without the payment of the clerk's fee. See
Tex. R. App. P. 35.3(a)(2). He has also asked for an extension of time within which to file
the clerk's record. The State does not oppose an extension of time within which to file the
record, but it does oppose the furnishing of the clerk's record without the payment of a fee.

 A political subdivision of this state or governmental entity is exempt from filing an
appeal bond or from payment of the clerk's fee. Tex. Civ. Prac. & Rem. Code Ann. § 6.001
(Vernon 2002); Dallas County Appraisal Dist. v. Institute for Aerobics Research, 751
S.W.2d 860, 861-62 (Tex. 1988). Counties are expressly entitled to the benefit of the
section 6.001 exemption. Enriquez v. Hooten, 857 S.W.2d 153, 154 (Tex.App.-El Paso
1993, no writ). As the County recognizes, it is established that a suit against a county
officer in the officer's official capacity is "just another way of pleading a suit against the
County. . . ." Battin v. Samaniego, 23 S.W.3d 183, 186 (Tex.App.-El Paso 2000, pet.
denied); accord Vincent v. West Texas State University, 895 S.W.2d 469, 472 (Tex.
App.-Amarillo 1995, no pet.) (suit against state university employees in their official
capacities was suit against the State of Texas). 

 Thus, again as the County recognizes, a suit against a county officer in the officer's
official capacity is actually a suit against the county, and the county's fee exemption
applies to such a suit. See In re Long, 984 S.W.2d 623, 625 (Tex. 1999) (suit against
district clerk in official capacity, as county official, triggered section 6.001(b)(4)). Although
recognizing that rule, the County argues it is not applicable here. In doing so, it reasons
that quo warranto lies against an individual who is alleged to be a usurper and an unlawful
holder of an office created by authority of the state. See Tex. Civ. Prac. & Rem. Code Ann.
§ 66.001(1) (Vernon 1997). Relying upon the fact that quo warranto proceedings do not
exist to assess damages against a governmental entity or official, but rather challenge a
person's right to hold a public office, the county concludes that the underlying suit differs
from claims involving more orthodox determinations of liability, and as such, is not the type
of suit against a county officer in that person's official capacity within the purview of the fee
exemption statute.

 We disagree. By the very nature of the County's refusal to recognize the validity
of movant's resignation, it admits that movant continues to occupy his office until, and if,
the removal it seeks is consummated. That being so, the nature of the suit must be to
determine whether or not Crawford has the right to continue to occupy his office as a
constable. It is a suit against a county official within the purview of the fee exemption
statute, and Crawford is entitled to the clerk's record without the payment of a fee.

 Accordingly, we hold that Crawford is entitled to the preparation of the clerk's record
without the payment of a fee and the time for the filing of the record is granted to January
15, 2003. 

 It is so ordered. 

 Per Curiam

Do not publish. 

 

 


 


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).