**Kay STALEY, Plaintiff,**

v.

**HARRIS COUNTY, TEXAS, Defendant.**

**No. CIV.A. H–03–3411.**

United States District Court,
S.D. Texas,
Houston Division.

Aug. 23, 2004.

---

Randall Lee Kallinen, Attorney at Law, Houston, TX, for Plaintiff.

James Nathan Overstreet, Williams and Overstreet PC, Houston, TX, for Intervenors–Plaintiffs.

Frank Sanders, Harris County Attorney's Office, Houston, TX, for Defendant.

### ORDER

LAKE, District Judge.

On August 19, 2004, Harris County filed an Emergency Motion to Stay Final Judgment (Docket Entry No. 48). Today Kay Staley filed an answer to the motion. The court's Final Judgment imposes two obligations on the County. First, the County must remove the Bible from the Mosher monument within ten days from the entry of the Final Judgment. Second, the County must pay Staley $40,586 in attorney's fees and expenses within ten days from the entry of the Final Judgment.

 To obtain a stay of the injunctive requirement of the Final Judgment the County must show a likelihood that it will succeed on appeal, that the County will suffer irreparable injury if a stay is not granted, that granting the stay would not substantially harm other parties, and that granting the stay would serve the public interest. *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir.1981), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983).

 To succeed on the first *Ruiz* element the County must "present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz,* 650 F.2d at 565. The County has not made such a showing. The County's motion merely incorporates the arguments and authorities it raised during and after trial. In the court's August 10, 2004, Memorandum Opinion the court explained in detail why none of those arguments presented a substantial case on the merits.

As evidence of irreparable injury, the County argues that removal of the Bible from the Mosher monument might moot its appeal. If this argument had any merit, a court would always have to grant a stay if injunctive relief were ordered lest the unsuccessful litigant be deprived of his appellate rights by complying with the court's injunction. In this case compliance with the injunctive requirement of the Final Judgment will not moot the appeal because if the County succeeds in its appeal, the *status quo ante* can be reestablished by ordering that the Bible be returned to the monument. Moreover, removing the Bible now in compliance with the Final Judgment would not moot the appeal because the County was also required to pay damages to the plaintiff.

As to the third element, staying the court's injunction would substantially harm the plaintiff because it would permit a continuing violation of plaintiff's First Amendment rights. The fact that the County has violated the plaintiff's rights for years does not mean that the violation should be allowed to continue. Moreover, granting a stay would not serve the public interest. The public has an interest in ensuring that all parties are required to comply with the law. In this case the law requires that the County comply with the court's injunction pending successful relief through the appellate process.

 The County also requests that it not be required to post a supersedeas bond in order to obtain a stay of the monetary

requirement of the court's Final Judgment. Under Texas law counties are not required to post a supersedeas bond; a county's perfection of an appeal automatically supersedes the monetary requirements of a judgment. *In re Long,* 984 S.W.2d 623, 625 (Tex.1999); *Enriquez v. Hooten,* 857 S.W.2d 153 (Tex.App.—El Paso 1993, orig. proceeding). Accordingly, the County will not be required to post a supersedeas bond in order to obtain a stay of the monetary requirement of the Final Judgment. If the County timely files a notice of appeal and pursues its appeal, the monetary requirement of the Final Judgment will be stayed.

■ Staley's attorney has submitted an Affidavit stating that he expended 15 hours in preparing Staley's answer to the County's Emergency Motion to Stay Final Judgment and requesting an award of an additional $3,375.00 in attorney's fees. That request is **GRANTED**. Harris County is **ORDERED** to pay Staley the total sum of $43,961.00 in attorney's fees and expenses.

■ Normally a successful litigant is entitled to recover interest on damages awarded in a Final Judgment. 28 U.S.C. § 1961(a). Accordingly, the court **ORDERS** that Staley recover post-judgment interest at the rate of 2.07% per annum from August 10, 2004, on the original award of $40,586.00 and at the rate of 1.99% from August 23, 2004, on the additional award of $3,375.00.

For the reasons stated above, the County's Emergency Motion to Stay Final Judgment (Docket Entry No. 48) is **DENIED in part** and **GRANTED in part**. The injunctive requirement of the Final Judgment is not stayed; but the monetary requirement of the Final Judgment will be stayed if the County timely files a notice of appeal and pursues its appeal.