ACCEPTED
01-15-00583-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/7/2015 9:39:16 AM
CHRISTOPHER PRINE
CLERK

No. _____

# In the Court of Appeals for the First District of Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/7/2015 9:39:16 AM

CHRISTOPHER A. PRINE
Clerk

THE HONORABLE MARK HENRY, COUNTY JUDGE OF GALVESTON COUNTY,
*Appellant*,

v.

THE HONORABLE LONNIE COX,
*Appellee.*

From the 56th Judicial District Court of
Galveston County, Texas, Cause No. 15-CV-0583

APPELLANT'S EMERGENCY MOTION FOR STAY

Edward L. Friedman
State Bar No. 07462950
efriedman@bakerlaw.com
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: 713.751.1600
Facsimile:  713.751.1717

James P. Allison
Texas Bar No. 01090000
j.allison@allison-bass.com
J. Eric Magee
Texas Bar No. 24007585
e.magee@allison-bass.com
Phillip Ledbetter
Texas Bar No. 24041316
p.ledbettcr@allison-bass.com
ALLISON, BASS & MAGEE, L.L.P.
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
Telephone: 512.482.0701
Facsimile:  512.480.0902

Attorneys for Appellant

<u>**EMERGENCY MOTION FOR STAY**</u>

TO THE HONORABLE COURT OF APPEALS:

The Honorable Mark Henry, County Judge of Galveston, Appellant, moves pursuant to Rules 29.1(b) and 29.3 of the Texas Rules of Appellate Procedure, for an emergency stay of a temporary injunction with which he cannot lawfully comply. A stay is needed to prevent contempt proceedings from being initiated based on that temporary injunction and to avoid further political discord between the administrative judges of Galveston County and the Galveston County Commissioners Court.[1]

## <u>BACKGROUND FACTS</u>

Judge Henry is the County Judge of Galveston County. He presides over the five-member Galveston County Commissioners Court. Judge Cox is the presiding judge of the 56th Judicial District Court of Galveston County and the Administrative Judge of the Galveston County District Courts.

---

[1] Indeed, one journalist has described this case as "a separation-of-powers dispute of **epic proportions.**" *See* Angela Morris*, Judges, Commissioners Fighting in Separation-of-Powers Brawl*, Texas Lawyer, June 26, 2015, http://www.texaslawyer.com/id=1202730719716/Judges-Commissioners-Fighting-in-SeparationofPowers-Brawl#ixzz3eStNanng (emphasis added).

1

The legal dispute underlying this motion for stay centers on the commissioners court's July 24, 2014 employment termination of Bonita Quiroga, a nonparty to this appeal or the injunction proceeding below. Prior to her discharge, Ms. Quiroga served as Galveston County's Director of Justice Administration, a position that was initially created in 1995 and included duties related to both the legislative and judicial branches. Ms. Quiroga was appointed to that position by the commissioners court in 2000.[2] At the time of her termination, Ms. Quiroga had thirteen (13) direct reports, nine (9) of whom performed services related to the legislative branch functions and five (5) of whom performed functions related to the judicial branch functions. Throughout her employment as Director, she was supervised by the

---

[2] There is no statutory basis for the position of Director of Justice Administration. At the time the position was created in the county, Chapter 75 of the Texas Government Code did not authorize the Galveston County district courts to establish a court administration system or appoint a court administrator. *See* TEX. GOV'T CODE § 75.401, *et seq.* Furthermore, Ms. Quiroga was not an appointee of the judiciary pursuant to Chapter 151 of the Texas Local Government Code. She was also not employed under any statute by which the Director of Justice Administration served at the pleasure of the administrative district judge. *See, e.g.*, TEX. GOV'T CODE § 52.041 ("An official court reporter is a sworn officer of the court and holds office at the pleasure of the court."); TEX. GOV'T CODE § 74.101(b) ("Each court coordinator serves at the pleasure of the judge who appointed him."); TEX. GOV'T CODE § 76.002 (community supervision and correction departments established and supervised by the district and statutory county court judges trying criminal cases). Rather, the position always reported to, and was under the supervision of, the County Judge and commissioners court.

2

commissioners court and—at all times—reported directly to the County Judge and commissioners court.

Yet, Judge Cox contends that the mere fact that Ms. Quiroga performed some judiciary-related functions empowered him with the exclusive authority to make decisions regarding her employment (i.e., to hire and fire her). As a result, Judge Cox issued two *ex parte* orders seeking to undo Ms. Quiroga's termination and initiated temporary injunction and contempt proceedings against Judge Henry. Notably absent as parties in the present lawsuit are any of the four commissioners of Galveston County or the commissioners court itself.

During the protracted legal and political dispute over Ms. Quiroga's termination, attempts were made to resolve the issue. One such endeavor culminated on May 12, 2015, when Judge Cox, along with the administrative judges for the Galveston County Courts at Law and Probate Court, submitted an application to the commissioners court, pursuant to section 74.103 of the Texas Government Code and Chapter 151 of the Texas Local Government Code, to create the position of Director of Court Administration, which would report to Judge Cox as the Administrative District Judge. The application asked the

3

commissioners court to create the position of Director of Court Administration, which would perform all of the judiciary-related duties previously performed by the Director of Justice Administration position, but none of the legislative-related duties previously performed by the Director. Judge Cox requested that the new position be paid within a salary range of $85,000 – $120,000 (the approximate salary Ms. Quiroga previously earned as Director of Justice Administration).

On June 13, 2015, the commissioners court approved the new position of Director of Court Administration, but at a salary range between $57,705 and $63,695, which it determined was more commensurate for the newly-created position which had less duties and less direct reports than the Director of Justice Administration position. That same day, the commissioners court also provided several administrative staff support positions for the Director of Court Administration, each of these positions was created in the 56th Judicial District Court. The commissioners court recognized that Judge Cox could appoint whomever he chooses to the newly-created positions, specifically including Ms. Quiroga. Because the new Director of Court Administration position rendered the Director of Justice Administration

4

position substantially duplicative and unnecessary, the commissioners court abolished the latter position in the Justice Administration Department, and transferred funds associated with the salary and benefits for the former Director of Justice Administration position to the General Government Fund.

Not content with the salary set by commissioners court for the Director of Court Administration position, Judge Cox initiated the instant action solely against Judge Henry. Judge Cox did not name the commissioners court or any of the four commissioners as a party to the litigation. In this action, Judge Cox sought and received an *ex parte* temporary restraining order and recently a temporary injunction against Judge Henry. Judge Cox also seeks a declaration of constructive contempt against Judge Henry for his purported violations of Judge Cox's two *ex parte* orders. All this as part of Justice Cox's endeavor to reinstate Ms. Quiroga as Director of Justice Administration—a position from which she was rightfully terminated a year ago and that no longer exists.

After several days of evidence and argument, the Honorable Sharolyn Wood, presiding over the 56th Judicial District Court of

5

Galveston County, granted Judge Cox's application for a temporary injunction. The trial court issued a prohibitive and mandatory injunction against Judge Henry under the guise of "return[ing] to the last, peaceful, uncontested status of July 23, 2014." The temporary injunction requires Judge Henry "and all acting in concert with him" to reestablish the position of Director of Justice Administration, remove the legislative-related duties from that position, appoint Ms. Quiroga to the position, and set Ms. Quiroga's salary at the same amount she was earning a year ago. Accordingly, the temporary injunction attempts to order Judge Henry to force the commissioners court—a nonparty to this suit—to recreate a position that no longer exists and, critically, to amend the Galveston County budget in order to transfer funds back into the Justice Administration Department to pay Ms. Quiroga the salary ordered by the court. (*See* Exhibit A).

Importantly, during the hearing, counsel for Judge Henry requested a stay of the temporary injunction pending an interlocutory appeal of the order. Instead of conditionally granting the requested stay on the condition that a notice of appeal is filed in short order, Judge Wood denied the request outright. On the filing of Judge Henry's notice

6

of appeal, the temporary injunction was automatically stayed pursuant to TEX. R. APP. P. 29.1(b) and TEX. CIV. PRAC. & REM CODE § 6.001. *See Dallas v. North By West Entertainment*, 24 S.W.3d 917, 918-19 (Tex. App.—Dallas 2000, no pet.) (holding that Rule 29 stays a temporary injunction appealed by a governmental entity); *Enriquez v. Hooten*, 857 S.W.2d 153, 154-55 (Tex. App.—El Paso 1993, no writ) (concluding that TEX. CIV. PRAC. & REM. CODE § 6.001 applies to county commissioners); *Public Util. Comm'n v. Coalition of Cities for Affordable Util. Rates*, 776 S.W.2d 221, 222 (Tex. App—Austin 1989, no writ) (holding that, when a state commission has the right under section 6.001 of the Texas Civil Practice and Remedies Code to supersede an order, the trial court cannot deny suspension of a temporary injunction). Therefore, Judge Wood abused her discretion by denying Judge Henry's request to stay the enforcement of the temporary injunction. *See, e.g.*, *Dallas*, 24 S.W.3d at 918 (rejecting arguments that trial court had discretion to deny government entities' request to stay temporary injunction). [3] As

---

[3] While this ground alone is sufficient to warrant a stay from this Court, in an abundance of caution, appellant sets forth the additional bases to support temporary relief and the compelling circumstances which establish the necessity of the requested stay from this Court. *See* TEX. R. CIV. P. 29.3; *Lamar Builders, Inc. v. Guardian Savings & Loan Assoc.*, 786 S.W.2d 789, 790-91 (Tex. App.—Houston [1st Dist.] 1990, no writ).

such, an immediate stay of the temporary injunction by this Court is required in order to avoid contempt proceedings and to avoid further political discord.

**AN EMERGENCY STAY OF THE TEMPORARY INJUNCTION IS NECESSARY**

**A. The temporary injunction attempts to order Judge Henry to obtain results that he has no lawful ability to achieve.**

Judge Henry is without authority to unilaterally (i) re-establish the Justice Administration Department, (ii) recreate the Director of Justice Administration position (but with fewer duties and responsibilities than it previously had), (iii) reinstate Ms. Quiroga to the position of Director of Justice Administration, and (iv) amend the budget to transfer funds into the Department of Justice Administration in order to pay Ms. Quiroga the salary ordered by the trial court. *See Canales v. Laughlin*, 214 S.W.2d 431, 455 (Tex. 1948) ("[T]he individual commissioners have no authority to bind the county by their separate action."); *Nueces Cnty. v. De Pena*, 953 S.W.2d 835 (Tex. App.—Corpus Christi 1997, no writ) (same). The commissioners court, as a whole, is charged with the crucial responsibility of setting the annual county budget and may spend county funds only "in strict compliance with the budget." TEX. LOCAL GOV'T CODE § 111.070; *see also id.* §§ 111.003,

8

111.0675; *Gattis v. Duty,* 349 S.W.3d 193, 203 (Tex. App.–Austin 2011, no pet.) (providing that the commissioners court may authorize an amendment to the original budget only after compliance with the strict procedures set forth by statute). It is worth noting that a failure to adhere to the statutory budget requirements would subject the commissioners court to legal action by the taxpayers or the county itself. *See Gattis*, 349 S.W.3d at 204-05.

Again, Judge Henry possesses only one vote among the five-member commissioners court. *See* TEX. GOV'T CODE § 551.001, *et seq.*; TEX. LOCAL GOV'T CODE § 81.001, *et seq.* It is axiomatic that each member of the commissioners court must exercise his or her own independent judgment in voting on county matters and that Judge Henry alone cannot act for Galveston County. *See Rowan v. Pickett*, 237 S.W.2d 734, 738 (Tex. Civ. App.—San Antonio 1951, no writ) ("Furthermore, the individual commissioners have ***no authority to bind the county by their separate action***. This requirement is not formal. It is substantial . . . that ***the members may have the benefit of the knowledge and opinions of the other members*** . . . ."); *cf. Canales*, 214 S.W.2d at 454 (Although commissioners are elected by

9

precinct, the "court is manifestly a unit, and is the agency of the whole county.'") Thus, even if Judge Henry complies with the temporary injunction by setting the relevant issues on the commissioners court's agenda and personally voting as ordered by the trial court, the remaining commissioners are not bound by the temporary injunction; of course, each commissioner, in exercising his independent discretion to vote in the best interest of the taxpayers, could reject the directives placed on Judge Henry by the temporary injunction.

Moreover, the nonparty commissioners cannot be forced to comply with such order by threat of contempt. *See Ex Parte Davis*, 470 S.W.2d 647, 649 (Tex. 1971) (observing that injunctions are in personam in nature and thus not enforceable against nonparties to the action); *accord* TEX. R. CIV. P. 683 (providing that an injunction "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order"). As a matter of law, the commissioners are not the "agents" "servants" or "employees" of the County Judge for which they can be held bound to

10

the terms of the temporary injunction. Indeed, each commissioner is an independent elected official. TEX. CONST. art. V, § 18(b).

Judge Henry is simply without the ability to comply with the temporary injunction. He lacks the authority—unilaterally—to do what he is ordered to do under the temporary injunction. Because compliance is impossible, the specter of contempt looms large over Judge Henry, a stay of the temporary injunction should be granted. Further, a stay of the temporary injunction is essential in order to avoid further political rancor and discord among the Administrative Judges and the County Judge while this issue is resolved through this appeal. *See In re Sheshtawy*, 154 S.W.3d 114, 124-25 (Tex. 2004) (providing that courts of appeals "retain[] overarching power to stay any actions of the trial court … that may interfere with its jurisdiction or the subject matter of the appeal").

## B. The temporary injunction does not maintain the status quo.

Although the trial court's rationale for entering the temporary injunction was to maintain the status quo, the temporary injunction does not preserve the status quo. The status quo is simply not preserved by the mandatory injunction which: (i) reinstates Ms. Quiroga to the

11

position of Director of Justice Administration, which she last held eleven months ago, (ii) orders that the legislative branch duties previously part of that position be excised from the duties of the position, and (iii) orders that Ms. Quiroga be paid the same salary she previously was paid as if the job duties and responsibilities remained the same. *See Pharaoh Oil & Gas, Inc. v. Ranchero Esperanza, Ltd.*, 343 S.W.3d 875, 883 (Tex. App.—El Paso 2011, no pet.) ("A temporary mandatory injunction changes the status quo."). Thus, the temporary injunction issued against Judge Henry, in addition to being impossible to comply with, does not maintain the status quo.

## C. The important constitutional issues and political discord arising from this dispute compel the issuance of a stay by this Court.

Finally, the issues present here raise serious questions of constitutional significance relating to the Separation of Powers Doctrine and the relationship between the legislative branch of government (commissioners court) and the judicial branch of government (the Administrative District Judge of Galveston County), which compel the issuance of stay of the subject temporary injunction. The Texas Supreme Court has made clear that when, as in this case, a temporary

12

injunction of a trial court raises important constitutional and political questions that have potential statewide implications, a stay of the injunction during the pendency of the appeal is warranted. *See Republican Party of Tex. v. Dietz*, 924 S.W.2d 932 (Tex. 1996) (staying trial court's temporary injunction that prohibited a political party from refusing to provide a booth at the parties' convention due to the important constitutional and political issues presented); *see also* Special Order, *In re State of Texas*, Cause Nos. 15-0139 (Tex. Feb 19, 2015) (granting emergency stay motion regarding county clerk's duty to enforce Texas marriage laws); Special Order, *In re State of Texas*, Cause Nos. 15-0135 (Tex. Feb 19, 2015) (same). Accordingly, the important constitutional issues giving rise to this interlocutory appeal, and the current rancor and political discord, further compel the issuance of a stay order from this Court.[4]

## CONCLUSION AND REQUEST FOR RELIEF

For these reasons, Judge Henry requests this Court to issue a stay of enforcement of the temporary injunction from which this appeal is

---

[4] *Supra* FN 1.

taken. Judge Henry further requests all other relief to which he may be entitled.

Respectfully submitted,


    /s/ *Edward L. Friedman*
Edward L. Friedman
Texas Bar No. 07462950
efriedman@bakerlaw.com
BAKERHOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: 713.751.1600
Facsimile:  713.751.1717

James P. Allison
Texas Bar No. 01090000
j.allison@allison-bass.com
J. Eric Magee
Texas Bar No. 24007585
e.magee@allison-bass.com
Phillip Ledbetter
Texas Bar No. 24041316
p.ledbettcr@allison-bass.com
ALLISON, BASS & MAGEE, L.L.P.
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
Telephone: 512.482.0701
Facsimile:  (512) 480-0902

Attorneys for Appellant

14

## CERTIFICATE OF COMPLIANCE

As required by the Texas Rules of Appellate Procedure, I certify that I have notified or made a diligent effort to notify all parties by expedited means (such as by telephone or fax) that this motion for temporary relief has been or will be filed.

/s/ Edward L. Friedman
Edward L. Friedman

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served to the following parties on this the 6th day of June, 2015, in accordance with the Texas Rules of Civil Procedure.

*/s/ Edward L. Friedman*

Edward L. Friedman

JOHN D. KINARD
CLERK DISTRICT COURT
FILED 4:16 pm

JUL 06 2015

GALVESTON COUNTY, TEXAS

BY_____
DEPUTY

Cause No. 15CV0583

| | | |
|---|---|---|
| The Hon. Lonnie Cox, | § | In the District Courts of |
| Local Administrative Judge, Galveston Co. | § | |
| | | |
| VS. | § | Galveston County, Texas |
| | | |
| The Hon. Mark Henry, | § | |
| County Judge, Galveston Co. | § | 56th Judicial District |

## ORDER GRANTING TEMPORARY INJUNCTION

On the 19th day of June, 2015, came on to be heard the motion for contempt and the request for a temporary injunction filed by The Hon. Lonnie Cox, Judge of the 56th Judicial District Court of Galveston, Texas, and Local Administrative Judge for Galveston County against The Hon. Mark Henry, County Judge, Galveston County, Texas, in the 405th District Court. This hearing was set in the Temporary Restraining Order signed on June 9, 2015.

All parties appeared and announced ready. With the Supreme Court denial of Respondent Henry's motion to stay, the case proceeded.

Preliminary motions filed by Respondent Henry were heard. Respondent Henry's Plea to the Jurisdiction was denied. Respondent Henry's Plea in Abatement was denied. Respondent Henry's Motion to Dismiss was considered well taken, and after consulting with the attorneys for both parties, this case was transferred to the 56th Judicial District Court of Galveston County, Texas, by agreement.

The attorneys agreed to proceed on the application for temporary injunction and postpone for later hearing the motion for contempt. Exhibits were admitted. The Rule was invoked as limited by the agreement of the parties and ruling of the Court. The case was recessed at request of the parties until Monday, June 22, 2015.

Testimony was presented on June 22 and June23. The Temporary Restraining Order signed in this case was extended for an additional fourteen days per the decree signed in this cause. Closing arguments were presented on June 25th. At the close of arguments, the Court announced that the temporary injunction was granted. A hearing to consider the injunction order to be signed was set.

Petitioner Cox is entitled to a writ of temporary injunction under the principals of equity and the statutes of Texas relating to injunctions. Respondent Henry intentionally interfered with the

1

**Exhibit A**

independence of the Galveston County judiciary and the ability of the Galveston County judiciary to perform its judicial functions. The Court rules

- that Petitioner Cox has the probable right to recover relief in his suit that Respondent Henry may not eliminate and attempt to control the replacement of the administrator for the courts in Galveston County and, then, manipulate employment terms and applicants to replace the administrator position to eliminate suitable applicants;
- that Petitioner Cox and the courts of Galveston County are irreparably injured by the acts committed by Respondent Henry, and will be irreparably injured by further acts, to interfere with the administrative ability of the courts to perform their judicial functions;
- that the last peaceable status quo should be restored pending final trial in the case; and
- that, if not enjoined, Respondent Henry will continue to deny administrative support for the Galveston County courts, further interfering with the independence of the Galveston County judiciary and the ability of the Galveston County judiciary to perform its judicial functions.

From the evident presented, the Court finds:

Galveston County created an administrative department to serve the administrative needs of its courts and to assist county government in court related projects. Fourteen years ago, the judges selected Bonnie Quiroga as the second director of Judicial Administration, and such selection was approved by Commissioner's Court. The testimony was that Ms. Quiroga had been employed by Galveston County for thirty years at the time she was terminated by Respondent Henry on July 24, 2014, so was well known by the other employees and elected officials.

The director of this hybrid judicial-governmental administrative department, called Justice Administration, reported to the County Judge for the county government related duties and to the Local Administrative Judge for the judicial administrative duties. The principal duties of Justice Administration are judicial administration. This department had a Director and other employees supervised by the Director. Offices for Judicial Administration are located in proximity to the Galveston County courts in the Galveston Justice Center. The other employees' duties are judicial in nature. The Director reported daily to the Local Administrative Judge. The Director also reported to the County Judge for the government related projects.

2

On July 24, 2014, County Judge Mark Henry terminated the employment of the Director of Judicial Administration from both her governmental related responsibilities as well as her duties to the Galveston County judiciary. Respondent Henry did not consult with the judiciary, nor did he advise the judiciary that he intended to terminate the Director of Judicial Administration's duties performed for the Galveston County Courts. Petitioner Cox disputes that grounds existed to terminative Ms. Quiroga.

By an Order on September 24, 2014, the Hon. Lonnie Cox, Local Administration Judge, signed an order clearly stating the position of the Local Administrative Judge, and ordering that the termination of the Galveston County Justice Administrator was void and ordered the attempt to hire a new justice administrator to cease. No motion to set aside this order has been filed. The September 24, 2014, order has not been set aside. The order is attached as Exhibit A.

The Court finds that Petitioner Cox has shown his probable right to recover by Respondent Henry intentionally disregarding Judge Cox's September 24th order and by Respondent Henry's actions to force his hand-picked candidates as the judiciary's chief administrative officer. Respondent Henry placed his HR employee Peri Bluemer in charge of choosing the replacement Director of Justice Administration. In her testimony, Ms. Bluemer demonstrated a lack of knowledge about courts, administrative duties of the courts, and the nature of trust and confidence necessary in any person holding this sensitive court position.

The Court finds that Petitioner Cox will show his probable right to recover as Respondent Henry's HR employee used standards she designed to limit the consideration to only three applicants, eliminating applicants familiar with the Galveston County courts and attorneys in good standing with the State Bar, while including a wholly unacceptable applicant who could not meet the standards of integrity necessary in such a sensitive position due to addiction to drugs and whose law license had been suspended by the State Bar.

On short notice, the HR employee unilaterally set 30-minute interviews of each of the three "allowed" applicants during court hours while courts were in jury trials, emailing the judges with instructions as to when the judges could appear for the already scheduled interviews.

The HR employee acknowledged that the three finalists were her choice and their interviews were set without checking with the court coordinators to ensure that the judge's trial schedules would allow their attendance at the interviews. During the testimony of the HR employee, she did not state that the judges would have been able to select the new director from the three chosen applicants, only

3

that they would be allowed to interview the three finalists for 30 minutes each if the judges had appeared at the interviews she set.

The Court finds this qualification and interview process was designed to orchestrate the selection of the replacement administrator for the courts without an open application and interview process and without the advice or consent of the judiciary. This justice administration answerable only to the county judge would improperly undermine the independence of the judiciary.

The Court finds that Petitioner Cox will show his probable right to recover as the Galveston judiciary sought support of its position on the selection of a judicial administrator. With no chief judicial administrative officer for the Galveston courts for 60 days and without meaningful inclusion in the process to select a successor. Petitioner Cox sought assistance of the Office of Court Administration to obtain an opinion from the Attorney General's Office as guidance for the issues involved in terminating and hiring court administrative employees.

In response, Respondent Henry hired a litigation attorney to bring a mandamus action in the appellate courts attacking Judge Cox's September 24th order, informing the Attorney General's Office of this litigation to terminate the request for an opinion on the growing dispute as to the rights of the judiciary.

When the mandamus request was denied in April, 2015, the Galveston County courts had been without the administrative director since July 24, 2014.

The Court finds that Petitioner Cox has shown his probable right to recover when additional requests to restore the necessary judicial administrative official resulted in Commissioner Court "workshops" about a new position; not the hiring of an employee to perform the judicial duties, which position continued to be vacant.

The Court finds that Petitioner Cox has shown his probable right to recover as Respondent Henry continued to disregard Judge Cox's September 24th order; yet, proposed a new position. Petitioner Cox's testimony was that the salary of the proposed "new" position would eliminate candidates with the qualifications for the supervisory judicial administrator position. Petitioner Cox's position is that by June, 2015, Respondent Henry abandoned his plan to force a hand-picked candidate as the judiciary's chief administrative officer, yet, used the ability to set the salary for the new position at a sufficiently low salary to continue to control the hiring process.

4

Respondent Henry's staff member Tyler Drummond was assigned to determine the salary for the new judicial administrator. Mr. Drummond graduated from a Vermont law school two years ago and did not demonstrate knowledge about courts, administrative duties of the courts, and court administrators. He had prior experience working for the Vermont legislature.

The Court finds that Petitioner Cox has shown his probable right to recover by Mr. Drummond setting a low salary level for the judicial administration supervisor without any expertise in court administrator salaries, without using a unbiased approach, in his attempt to substantiate the salary level for the "new" judicial administrator supervisor position. He performed his salary search without including the salaries from other area counties and without input from the Galveston judiciary, or the judiciary in any of his comparative counties.

The Court finds that Petitioner Cox has shown his probable right to recover as Mr. Drummond's lack of knowledge of Texas and counties in Texas demonstrates his lack of qualifications to independently establish a salary by which a candidate with sufficient qualifications for the position could be hired.

The Court finds that Petitioner Cox has shown his probable right to recover as Respondent Henry's staff employee used standards he designed without sufficient expertise to establish an appropriate salary range for such a position.

The Court finds that Petitioner Cox has shown his probable right to recover as the Drummond salary survey process was arbitrary and designed to orchestrate the salary of the replacement administrator for the courts at the lowest possible level, improperly undermining the independence of the judiciary.

After ten months without a judicial administrator for the Galveston courts, Judge Cox as Local Administrative Judge issued an order on June 8, 2015, titled "Order to Effectuate Enforcement of Order of September 24, 2014," returning Bonnie Quiroga, the former Director of Judicial Administration, to her former judicial duties. The June 8 order is Exhibit B. A time line submitted by Petitioner is attached as Exhibit C.

On June 5, 2015, Respondent Henry had been advised of this action by the judges and advised Ms. Quiroga would be returned to work.

5

The Court further finds that Petitioner Cox has shown his probable right to recover as Respondent Henry's attempts to force his will as to employment of the judicial administrator included the attempt to intimidate the Galveston judges by including filing complaints with the Judicial Conduct Commission as part of the Agenda for June 9 and June 13 Commissioner's Court meetings.

The Court finds that Petitioner Cox has demonstrated the irreparable injury if a temporary injunction is not issued as shown by the conduct of Respondent Henry, who after keeping the position vacant for over eleven months, has attempted to stymie the effort of the judges to restore a judicial administrator by further actions of

- setting emergency Commissioner's Court meetings for Tuesday, June 9, 2015, and then, Saturday, June 13, 2015, to terminate the Justice Administration department and to implement a new judicial administrator system with the director to be paid the disputed Drummond salary;
- by including filing complaints with the Judicial Conduct Commission as part of the Agenda for June 9 and June 13 Commissioner's Court meetings;
- changing the lock on the door of the office of the Director of Justice Administration on or about Friday, June 5, 2015 and again after the Galveston County Sheriff opened the changed lock;
- attempting to exclude Bonnie Quiroga from the office of Director of Judicial Administration by seeking to have the Galveston County Sheriff arrest Ms. Quiroga for trespass and by seeking to have the Galveston County District Attorney bring criminal trespass charges against Ms. Quiroga;
- denying telephone, office space, computer service, and email access to Bonnie Quiroga;
- denying payment to Ms. Quiroga by refusing to process payment requests;
- sending emails to Galveston County departments heads to disregard her requests or directives she might issue as judicial administrator for the Galveston County courts; and
- on June 23, 2015, during the testimony of this temporary injunction hearing, having Deputy Clint Purcell of Justice Administration contacted to tell him his position was eliminated.

After these actions by Respondent Henry, Petitioner Cox filed this suit and obtained a Temporary Restraining Order on June 9, 2015, and a temporary injunction hearing setting for June 19, 2015. Respondent Henry was advised of these actions and was advised Ms. Quiroga would be returned to work for the judges.

6

The Court finds that Petitioner Cox has demonstrated the irreparable injury if a temporary injunction is not issued as shown by the conduct of Respondent Henry who attempted to stymie the effort of the judges to restore a judicial administrator by holding an emergency Commissioner's Court meeting on June 13, 2015, to create a new judicial administrator position at the salary level Respondent Henry knew was at a salary level the judiciary considered arbitrarily low to attract a suitable candidate.

Petitioner Cox's position is that the judiciary in Galveston County can only obtain the services of a judicial administrator by returning to the last peaceable status quo, before the actions of Respondent Henry to control the selection of the person to hold this position, which improperly undermines the independence of the judiciary.

It is therefore ORDERED, ADJUDGED, and DECREED that Respondent Mark Henry, County Judge of Galveston County, his agents, servants, and representatives, and all those acting in concert with him, shall restore the employment of the Justice Administration Director Bonnie Quiroga as an employee of Galveston County, under the same terms, judicial administrative organization, and salary scale of employment, as employed on July 23, 2014, to perform all administrative duties serving the courts of Galveston County as performed on July 23, 2014, which employment shall be supervised by the Galveston County Local Administrative Judge. This injunction does not include Justice Administration or its Director performing any duties relating to the law library, pretrial release, or recovering costs.

It is further ORDERED, ADJUDGED, and DECREED that Respondent Mark Henry, County Judge of Galveston County, his agents, servants, and representatives, and all those acting in concert with him, shall, instanter, perform all necessary actions to carry out the reinstatement of Bonnie Quiroga to her positon as Galveston County Justice Administrator, including, but not limited to:

a. issuing to Ms. Quiroga a key to her office in the Justice Center;

b. directing IT to provide a computer and access to Galveston County Employee e-mail and other systems necessary for the performance of her job duties;

c. providing Ms. Quiroga with a phone for her office;

d. directing Human Resources to allow Ms. Quiroga to complete all paperwork necessary for her to be reinstated, effective June 8, 2015, as a full time employee; and

e., directing the Treasurer to reinstate, effective June 8 2015, and pay by the issuance of the appropriate check or direct deposit to Ms. Quiroga her same salary as was paid prior to July 24, 2014. It is further ORDERED, ADJUDGED, and DECREED that Respondent Mark Henry, County Judge of Galveston

7

County, his agents, servants, and representatives, and all those acting in concert with him, shall restore the employment of the Justice Administration employee Officer Clint Purcell as an employee of Justice Administration, under the same terms, administrative organization, and salary scale of employment as employed on June 19, 2015, to perform all administrative duties serving the courts of Galveston County as performed on June 19, 2015, which employment shall be supervised by the Galveston County Administrative Judge and as directed by the Director of Justice Administration.

It is further ORDERED, ADJUDGED, and DECREED that Respondent Mark Henry, County Judge of Galveston County, his agents, servants, and representatives, and all those acting in concert with him, are hereby enjoined from

1. Taking any action on the matters:
    (a) relating to application by county and district court judges for authority to appoint administrative employees for the courts other than in compliance with this temporary injunction ;
    (b) relating to justice administrator other than in compliance with this temporary injunction;
    (c) relating to Galveston County staff and agents regarding Bonnie Quiroga other than in compliance with this temporary injunction;
    (d) relating to Galveston County facilities used by Galveston County courts, court staff, and administrative staff other than in compliance with this temporary injunction; and
    (e) relating to applications to appoint court administrative employees other than in compliance with this temporary injunction.

These are the matters contained in agenda items No. 31 (e), (h), (l), (p), and (r) originally posted for special meetings of June 9 and June 13, 2015,which was the subject of the June 9th TRO.

2. ~~Baring~~ *Barring* entrance to the Galveston County Justice Center by Justice Administration personnel, including Bonnie Quiroga.

3. Preventing or impeding in any way the provision of, and the use of, computer, telephone, and utility services to Justice Administration personnel, including Bonnie Quiroga.

4. Preventing or impeding in any way the provision of, and the use of, county equipment and furnishings necessary to Justice Administration personnel, including Bonnie Quiroga, to perform their administrative duties.

8

4. Instructing any Galveston County employees to disregard directives, instructions, or requests of Justice Administration, including Bonnie Quiroga, to perform the duties of Justice Administration.

5. Appointing or employing any person other than Bonnie Quiroga to perform the duties of Director of Justice Administration as directed by the Hon. Lonnie Cox, Administrative Judge of Galveston County;

6. Reassigning or relocating any employee who was an employee of Justice Administration on July 23, 2014, including but not limited to Bonnie Quiroga, Monica Gracia, andDeputy Clint Purcell .

7. Taking any action to prevent or impede access by Justice Administration personnel, including Bonnie Quiroga, Monica Gracia,and Deputy Clint Purcell, to the offices occupied by Justice Administration on July 23, 2014.

It is therefore ORDERED, ADJUDGED, and DECREED that Respondent Mark Henry, County Judge of Galveston County, his agents, servants, and representatives, and all those acting in concert with him, shall restore Justice Administration under the same terms, judicial administrative organization, and salary scale of employment as existed on July 23, 2014, so that Justice Administration may perform all administrative duties serving the courts of Galveston County as performed on July 23, 2014, which duties shall be supervised by the Galveston County Administrative Judge.

It is further ORDERED that Respondent Mark Henry immediately provide written notice by copy of this Order to each County Commissioner and all County Department Heads and employees under the supervision of Galveston County Commissioner's Court.  This injunction does not include Justice Administration performing any duties relating to the law library, pretrial, or recovering costs.

This case is set for trial on January 11, 2016, the date agreed to by the attorneys for both parties.  A docket control order will be issued.

Bond for this temporary injunction is set at $100.  Finding that Petitioner Cox has previously posted bond in the amount of $100, such amount shall be posted as bond for this injunction.

Disobedience of this Order is subject to the penalties provided by Rule 692, Texas Rules of Civil Procedure.

9

On the approval of the bond, all writs are to issue.

Signed _July 6, 2015 at 4:16 p.m._

_[signature]_
Hon. Sharolyn Wood, Judge Presiding


| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT OF |
| HONORABLE MARK HENRY | § | GALVESTON COUNTY, TEXAS |
| AND GALVESTON COUNTY | § | 56TH JUDICIAL DISTRICT |
| COMMISSIONERS COURT | § | |

On this the 24th day of September, 2014, the Administrative Judge of the Galveston County District Courts considered the actions of the Honorable Mark Henry and the Galveston County Commissioners Court in terminating the employment of the Galveston County Justice Administrator on or about July 24, 2014, in proceeding to post the position for employment of a new justice administrator and in proceeding to interview candidates to fill the position. The authority to appoint and terminate court personnel lies with the courts, not the county judge nor the commissioners court and the county judge's termination of the justice administrator and proposed selection of a replacement violates the separation of powers doctrine and infringes on the courts' inherent powers. These actions also violate Local Government Code Sec. 151.004 which prohibits the county judge and commissioners court from attempting to influence the appointment of a person to a position authorized by the commissioners court for the department of another district, county or precinct officer in the county.

It is therefore ORDERED AND DECREED that the actions of the county judge and commissioners court of terminating the employment of the Galveston County Justice Administrator was a void act without legal authority and is hereby NULLIFIED and set aside. Further that the county judge and commissioners court are ordered to cease and desist the process of attempting to hire a new justice administrator.

1



SIGNED this the 24th day of September, 2014

_Lonnie Cox_

Lonnie Cox, 56th Judicial District
Administrative District Judge

EX PARTE MARK HENRY
AND GALVESTON COUNTY
COMMISSIONERS COURT

§    IN THE DISTRICT COURT

§    GALVESTON COUNTY, TEXAS

§    56th JUDICIAL DISTRICT

## ORDER TO EFFECTUATE ENFORCEMENT OF
## ORDER OF SEPTEMBER 24, 2014

Be it remembered, that on the 24th day of September, 2014, an Order was issued by the Administrative Judge of the Galveston County District Courts nullifying and setting aside the illegal and void act by the County Judge and/or the Commissioners Court of terminating the employment of the Galveston County Justice Administrator, Bonnie Quiroga. To carry out the reinstatement of Ms. Quiroga to her position effective June 8, 2015, the Court issues the following Order to effectuate the enforcement of said Order of September 24, 2014:

The County Judge and/or the Commissioners Court and those individuals, agents or departments acting under their direction will immediately perform all necessary actions to carry out the reinstatement of Bonnie Quiroga to her position as Galveston County Justice Administrator, including, but not limited to;

- Issuing to Ms. Quiroga a key to her office in the Justice Center;
- Directing IT to provide a computer and access to Galveston County employee e-mail and other systems necessary for the performance of her job duties;
- Providing Ms. Quiroga with a phone for her office;



- Directing Human Resources to allow her to complete all paperwork necessary for her to be reinstated as a full time employee; and

- Directing the Treasurer to reinstate and pay by the issuance of the appropriate check or direct deposit to Ms. Quiroga her same salary as was paid prior to her unlawful termination.

SIGNED on this the 8th day of June, 2015.

_____

LONNIE COX, 56th JUDICIAL DISTRICT,

ADMINISTRATIVE DISTRICT JUDGE

| | |
|---|---|
| July 24, 2014 | B.Q. fired |
| Sept. 5, 2014 | Email to MH |
| Sept. 22, 2014 | Request for AG Opinion |
| Sept. 24, 2014 | LC Issues Order |
| Sept. 24, 2014 | Finalist Interview |
| Oct. 6, 2014 | Invitation to Meet with Commissioners Court |
| Oct. 7, 2014 | Mandamus and Stay Filed |
| Feb. 4, 2015 | Mandamus Denied |
| Feb. 20, 2015 | Rehearing for Mandamus Filed |
| April 14, 2015 | Mandamus Denied |
| | 1st Compromise Meeting |
| May 12, 2015 | 2nd Compromise Meeting |
| June 5, 2015 | Judges Send Notice |
| June 8, 2015 | LC Issue Order Effectuating Enforcement |
| June 9, 2015 | File TRO and Contempt of Court |
| June 9, 2015 | Commissioners Court Meeting |
| June 13, 2015 | 2nd Commissioners Court Meeting |
| June 19, 2015 | Hearing Temporary Injunction |





PLAINTIFF'S EXHIBIT

23

No. _____

**In the
Court of Appeals
for the
_____ District of Texas**

THE HONORABLE MARK HENRY, COUNTY JUDGE OF GALVESTON COUNTY,
*Appellant,*

v.

THE HONORABLE LONNIE COX,
*Appellee.*

## VERIFICATION

Before me the undersigned authority, on this day personally appeared Edward L. Friedman, who by me being duly sworn on his oath stated as follows:

I am over the age of twenty-one and am otherwise competent to make this Verification.

I have read Emergency Motion for Stay to which this verification is attached and verified that all factual statements contained therein are within my personal knowledge and are true and correct.

Further affiant sayeth naught.

_____
Edward L. Friedman

17

SUBSCRIBED AND SWORN TO BEFORE ME on this 6ᵗʰ day of
_____July_____, 2015.

[SEAL]



Notary Public

18